# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK LEE DAUGHERTY, | Case No. CV 15-06113-DSF (RAO) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| STEVEN SALETROS, et al., | |
| Defendants. | |

This Report and Recommendation is submitted to the Honorable Dale S. Fischer, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.    INTRODUCTION

On August 12, 2015, Plaintiff Rick Lee Daugherty ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1.)   The Complaint names as defendants Los Angeles Police Department ("LAPD") Sergeant Werner Flores ("Flores"), LAPD Officer Steven Saletros ("Saletros"), and 10 Does. (*Id.* at 1-3, 10.)  Plaintiff's claims stem from an incident in which Plaintiff allegedly was approached by police while eating lunch, was searched over Plaintiff's protests, and was hurt while being physically detained.

///

(*Id.* at 4-9.)  Flores and Saletros (collectively, "Defendants") filed an Answer to the Complaint on September 22, 2015.  (Dkt. No. 14.)

On September 30, 2015, the Court issued a Scheduling Order.  (Dkt. No. 18.) Under that order, the deadline to amend pleadings was set for November 30, 2015; discovery was set to close on February 29, 2016; discovery motions were due by February 29, 2016; and other motions, including motions for summary judgment, were due by May 2, 2016.  (*Id.* at 1-2, 4.)  The Court also required each party to submit a Status Report by December 30, 2015.  (*Id.* at 4.)

On December 16, 2015, the Court held a status conference with the parties. Following the status conference, the Court ordered counsel for Defendants to disclose to Plaintiff the names of the other LAPD officers present during the incident described in the Complaint.  (Dkt. No. 27.)  The Court also extended the deadline for filing amended pleadings to February 3, 2016.  (*Id.*)

Plaintiff and Defendants both timely filed a Status Report.  (Dkt. Nos. 29, 30.)  Plaintiff's Status Report detailed discovery that had been undertaken in this action as well as Plaintiff's efforts to follow up with counsel for the Defendants regarding Defendants' discovery responses.  (Dkt. No. 29 at 1-2.)  Defendants' Status Report also indicated that discovery was progressing, and it noted that Defendants were set to depose Plaintiff shortly thereafter.  (Dkt. No. 30 at 2.) Defendants' Status Report also stated that Defendants anticipated filing a motion for summary judgment.  (*Id.*)

On January 19, 2016, Plaintiff filed a request seeking to have the Court extend the deadline for the filing of an amended complaint.  (Dkt. No. 31.) Plaintiff's request explained that Plaintiff still had not received the names of other LAPD officers present during the incident alleged in the Complaint.  (*Id.* at 2-3.)

On January 22, 2016, Plaintiff filed an Amended Pleading for Money Demanded in Complaint ("Amended Pleading"), which adjusted the amount of ///

2

damages that Plaintiff sought in the present action.  (Dkt. No. 32.)  Plaintiff also filed a request for a jury trial that same day.  (Dkt. No. 34.)

On February 2, 2016, Plaintiff filed a Note to Court of Deposition.  (Dkt. No. 36.)  Plaintiff's deposition was apparently rescheduled at some point, and Plaintiff's Note explained that Defendants sought to move the deposition to a later date on the day that it was supposed to go forward.  (*Id.* at 1.)  Plaintiff's Note also asserted that Plaintiff was kept waiting past the scheduled start time of the deposition and so he left the location where it was to take place.  (*Id.* at 2.)

On February 5, 2016, Defendants filed a motion to dismiss Plaintiff's Amended Pleading, requesting in the alternative that the Court strike it from the docket.  (Dkt. No. 38.)  On February 8, 2016, the Court ordered counsel for Defendants to provide to Plaintiff the names of other LAPD officers present during the incident alleged in the Complaint.  (Dkt. No. 40.)  The Court also extended the deadline to amend pleadings and add parties to March 15, 2016.  (*Id.*)

On February 11, 2016, Plaintiff filed a Request for Default Contempt of Court, apparently in response to Defendants' motion to dismiss.  (Dkt. No. 41.)  Among other things, Plaintiff asserted that he still had not received the names of other LAPD officers as he had requested, and he complained that counsel for the Defendants had delayed in responding to his discovery requests.  (*Id.* at 2-3.)  Defendants filed a reply on February 12, 2016.  (Dkt. No. 43.)

On March 4, 2016, the Court denied Defendants' motion to dismiss the Amended Pleading but granted Defendants' motion to strike.  (Dkt. No. 45.)  The Court's order explained that the Amended Pleading did not comply with the Local Rules.  (*Id.* at 1-2.)  The Court noted that the deadline for Plaintiff to file an amended pleading was March 15, 2016.  (*Id.* at 2.)

On March 11, 2016, Plaintiff filed a motion to extend the deadline to file an amended complaint, stating that he was still working to obtain from Defendants'
///

counsel the information regarding other LAPD officers that he desired.  (Dkt. No. 46.)  The Court granted Plaintiff an extension to March 30, 2016. (Dkt. No. 48.)

On March 30, 2016, Plaintiff filed his First Amended Complaint ("FAC") (Dkt. No. 49).  The FAC named as additional defendants Sergeant David Podesta, Sergeant Juhee Kim, Officer Mario Ramirez, and Officer Raul Ramos.  (*Id.* at 1.) Plaintiff also filed a proof of service indicating that he had served the FAC by mail on Defendants' counsel.  (Dkt. No. 50.)  Defendants filed an Answer to the FAC on April 12, 2016.  (Dkt. No. 51.)  The other defendants, newly added in the FAC, have not responded to the FAC, although it appears they may not have been properly served.

Following Defendants' Answer, the Court did not receive any further filings from either party for several months.  On September 15, 2016, the Court ordered the parties each to file a Status Report by September 29, 2016, updating the Court on the status of this action.  (Dkt. No. 52.)

On September 29, 2016, Defendants filed their Status Report.  (Dkt. No. 53.) However, the Court did not receive any submission from Plaintiff.  Rather, on October 7, 2016, the Court's September 29 order, which the Clerk's Office had mailed to Plaintiff's address of record, was returned to the Court by the Postal Service.  (Dkt. No. 54.)  The returned mail was stamped "INSUFFICIENT ADDRESS" and "UNABLE TO FORWARD."  (*Id.*)

On October 13, 2016, the Court issued an order reminding Plaintiff that Local Rule 41-6 requires *pro se* plaintiffs to keep the Court apprised of their current address.  (Dkt. No. 55.)  The Court ordered Plaintiff to notify the Court in writing of his current address on or before October 27, 2016, and warned Plaintiff that the failure to do so would result in a recommendation that this action be dismissed for failure to prosecute.  (*Id.*)  The Court did not receive any submission from Plaintiff prior to do the deadline.

///

4

1  To date, the Court has received neither a Status Report nor a current address
2  from Plaintiff.

3  Given the foregoing, and for the reasons below, the Court recommends that
4  Plaintiff's Complaint be **DISMISSED** without prejudice.

5  **II.  DISCUSSION**

6  Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte*
7  authority to dismiss actions for failure to prosecute or for failure to comply with
8  court orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L.
9  Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992).
10  "District courts have the inherent power to control their dockets and, [i]n the
11  exercise of that power they may impose sanctions including, where
12  appropriate, . . . dismissal of a case."  *Ferdik*, 963 F.2d at 1260 (internal quotation
13  marks omitted).

14  In determining whether to dismiss an action for failure to prosecute or for
15  failure to comply with court orders, a court must weigh five factors:

16  (1) the public's interest in expeditious resolution of litigation;

17  (2) the court's need to manage its docket;

18  (3) the risk of prejudice to defendants/respondents;

19  (4) the availability of less drastic alternatives; and

20  (5) the public policy favoring disposition of cases on their merits.

21  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

22  Here, the first factor (the public's interest in expeditious resolution of
23  litigation) and second factor (the Court's need to manage its docket) strongly favor
24  dismissal.  The Court attempted to avoid this outcome by providing Plaintiff time to
25  update his address following Plaintiff's failure to follow a Status Report.  Plaintiff
26  has not responded to the Court's September 15, 2016, order requiring the parties
27  each to file a Status Report, or to the Court's October 13, 2016, order requiring
28  Plaintiff to notify the Court of his current address.  Approximately seven months

1   have now passed since Plaintiff's last submission related to this matter.  (*See* Dkt.

2   Nos. 49, 50 (FAC and accompanying proof of service, filed March 30, 2016).)

3   Plaintiff's "noncompliance has caused [this] action to come to a complete halt,

4   thereby allowing [him] to control the pace of the docket rather than the Court."

5   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations

6   marks omitted).  His inaction frustrates the public's interest in the expeditious

7   resolution of litigation and the Court's need to manage its docket.

8   The third factor (the risk of prejudice) requires the defendant to show that the

9   plaintiff's actions impaired its ability to proceed to trial or threatened to interfere

10  with the rightful decision of the case.  *See Pagtalunan*, 291 F.3d at 642.  "Limited

11  delays and the prejudice to a defendant from the pendency of a lawsuit are realities

12  of the system that have to be accepted, provided the prejudice is not compounded

13  by 'unreasonable' delays."  *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984).

14  However, "the risk of prejudice to the defendant is related to the plaintiff's reason

15  for defaulting in failing to timely" act.  *Yourish*, 191 F.3d at 991.  The better the

16  reason, the less likely it is that the third factor will favor dismissal.  *See id.* (finding

17  that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that

18  there was sufficient prejudice to Defendants from the delay that [the third] factor

19  also strongly favor[ed] dismissal").  The Ninth Circuit has stated that "the failure to

20  prosecute diligently is sufficient by itself to justify a dismissal, even in the absence

21  of a showing of actual prejudice to the defendant from the failure."  *Anderson v. Air*

22  *W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447,

23  1452-53 (9th Cir. 1994) (quoting *Anderson*).  However, while prejudice is

24  presumed for a failure to prosecute, the presumption may be rebutted, and a court

25  should consider whether there has been a showing that no actual prejudice has

26  occurred. *Anderson*, 542 F.2d at 524.

27  Here, Plaintiff has now failed to respond to two of this Court's orders.

28  Plaintiff's failure to participate in this litigation stands in striking contrast to his

6

1  conduct prior to the filing of the FAC, indicating a loss of interest in the matter.

2  Defendants indicate that discovery is only partially complete and that they intend to

3  file a motion pursuant to Federal Rule of Civil Procedure 12(c) and, if necessary, a

4  motion for summary judgment.  (Dkt. No. 53 at 2.)  Defendants' ability to defend

5  this case is hampered by Plaintiff's apparent failure to participate, and Defendants

6  should not be forced to defend against claims that Plaintiff is not actively pursuing.

7  The Court therefore finds that the third factor weighs in favor of dismissal.

8      The fourth factor (the availability of less drastic alternatives) strongly

9  supports dismissal.  As noted above, the Court attempted to avoid dismissal by

10 ordering the parties to submit Status Reports, and then by requiring Plaintiff to

11 update his address with the Court.  Despite the Court's warning that failure to

12 respond could result in a recommendation that this action be dismissed, Plaintiff

13 has failed to comply with the Court's orders.  The Court deems it imprudent to wait

14 any longer for Plaintiff to exhibit an interest in prosecuting this action with the

15 requisite amount of diligence.  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

16 1986) (a district court "need not exhaust every sanction short of dismissal

17 before . . . dismissing a case").  The Court also notes that it is recommending

18 dismissal *without prejudice*, a significantly lesser sanction than dismissal with

19 prejudice.

20     The fifth factor (the public policy favoring disposition on the merits) weighs

21 against dismissal, as it almost inevitably will when an action is dismissed without

22 reaching the merits.  *Pagtalunan*, 291 F.3d at 643.

23     In sum, four out of the five factors support dismissal, and at least three of the

24 five factors *strongly* support dismissal.  Accordingly, dismissal is appropriate at this

25 juncture.  *See Yourish*, 191 F.3d at 990 (dismissal is appropriate where three of the

26 five factors strongly support dismissal).

27 ///

28 ///

7

## III.  **RECOMMENDATION**

For the reasons above, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) dismissing Plaintiff's complaint without prejudice for failure to prosecute and to comply with Court orders.


DATED:  October 28, 2016                   _____/S/_____

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE



**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.